IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 15–cv-01022–REB-KMT

HEALTHCARE PARTNERS COLORADO, LLC, a Colorado limited liability company,

    Plaintiff/Counterclaim Defendant,

v.

CLINICAL RESEARCH ADVANTAGE, INC., an Arizona corporation,

    Defendant/Counterclaim Plaintiff.

## ORDER

The matter before the court is "Defendant's Unopposed Motion for Leave to File First Amended Answer and Counterclaim." (Doc. No. 18 [Mot.], filed Oct. 27, 2015.) Defendant seeks to amend its Answer and Counterclaim to modify its existing claims against Plaintiff and add new ones against a new third-party Defendant, Colorado Springs Health Partners, P.C. ("CSHP"). (*Id.* at 2–3.) Plaintiff does not oppose the motion. (*Id.* at 3.)

Plaintiff's Complaint seeks declaratory judgment that the non-compete, non-solicitation, and liquidated damage provisions of a "Services Agreement" with Defendant are unenforceable under Colorado law. (Doc. No. 1 [Compl.] at 9–12.) In its original answer, Defendant counterclaimed that Plaintiff breached the "Services Agreement," and sought declaratory judgment that the non-solicitation provision of a different agreement, the "Asset Purchase Agreement," is enforceable under Colorado law. (Doc. No. 12 at 9–12.) Defendant's proposed "First Amended Answer, Counterclaim, and Third-Party Complaint" modifies its counterclaims

against Plaintiff and adds similar claims against CSHP. (*See* Doc. No. 18-1 [Am. Answer] at 9–19.) Defendant alleges that CSHP is the entity that originally signed these agreements with Defendant. (*Id.* at 2.) Plaintiff seems to agree, stating that it assumed the contractual rights and obligations of the "Services Agreement" when it purchased CSHP in 2014. (Compl. at 2.)

The Court freely grants leave to amend the pleadings when justice so requires. Fed. R. Civ. P. 15(a)(2). Leave is appropriate in the absence of any undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies with previous amendments, undue prejudice to the opposing party, futility, or other similar reasons. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Persons may be joined as defendants when "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

Defendant argues that it has good cause to amend its answer. (*See* Mot. 2–4.) It states that the motion is timely because it filed its motion before the court's deadline to amend pleadings. (*Id.* at 3.) Defendant asserts that the proposed amendments are based primarily on newly-discovered information that was not available to Defendant at the time it filed its first answer. (*Id.*) Defendant states that it seeks to amend in good faith, that the amendments are not futile, and that the court has found its initial counterclaims to be deficient. (*Id.*) Defendant also notes that its motion is unopposed by Plaintiff. (*Id.*)

The court agrees that Defendant has shown good cause to grant its motion. Defendant timely filed the motion before the court's deadline for joinder and amendment of pleadings, November 1, 2015. (*Compare* Mot. [filing date Oct. 27, 2015] *with* Doc. No. 16 at 10 [setting

deadline to join parties and amend pleadings as Nov. 1, 2015].)  There has been no showing of undue delay, bad faith, dilatory motive, or futility, and the motion is unopposed by Plaintiff.  CSHP's joinder is permissible under Fed. R. Civ. P. 20(a)(2) because two of the causes of action Defendant asserts against CSHP are the same as the only two causes of action Defendant asserts against Plaintiff (breach of the "Services Agreement" and declaratory judgment as to the enforceability of the non-compete, non-solicitation, and liquidated damages provisions of the "Services Agreement").  (*Compare* Am. Answer at 9–15 [alleging breach of services agreement and requesting a declaratory judgment about the enforceability of the non-compete, non-solicitation, and liquidated damages provisions] *with* Am. Answer at 15–19 [alleging the same, in addition to other claims].)  At a minimum, it is clear that Defendant's claims against both Plaintiff and CSHP arise out of the same transaction, occurrence, or series of transactions or occurrences and raise questions of law and fact common to both parties.

   Accordingly, it is

   **ORDERED** that "Defendant's Unopposed Motion for Leave to File First Amended Answer and Counterclaim" (Doc. No. 18) is **GRANTED**.  Defendant shall file the "First Amended Answer, Counterclaim, and Third-Party Complaint" by November 4, 2015.

   Dated this 30th day of October, 2015.

BY THE COURT:

*[signature]*

Kathleen M. Tafoya
United States Magistrate Judge